**KAZEROUNI LAW GROUP, APC**
Yana A. Hart (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

Attorney for Plaintiff
LAWRENCE ETAH

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE ETAH<br><br>         Plaintiff,<br><br>v.<br><br>AFNI, INC. and DOES 1-10,<br><br>         Defendants. | Case No.: 2:20-cv-08525<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>**(1) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br>**(2) THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter, "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Lawrence Etah ("Plaintiff"), through his attorneys, brings this action to challenge the conduct of AFNI, Inc. ("Defendant") in response to Defendant's attempts to unlawfully and abusively collect a debt allegedly owed by Plaintiff, conduct that caused Plaintiff's injuries.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

///

6. Unless otherwise stated, all conduct engaged in by Defendant took place in California.

7. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

8. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

10. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction to adjudicate the alleged violations of the Rosenthal Act.

11. This Court has personal jurisdiction because Defendant regularly collects debts in California on behalf of its creditor clients. Further, as illustrated below, Defendant directed its unlawful collection practices at Plaintiff in Los Angeles, California.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: 1) Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district; 2) the conduct complained herein occurred within this judicial district; and 3) Defendant conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

13. Plaintiff is a natural person who resides in the City of Los Angeles, State of California.

14. Defendant is an Illinois corporation with its principal place of business in the City of Bloomington.

///

15. As discussed below, Plaintiff allegedly incurred a financial obligation to Audi ("Audi") (the "Debt").

16. The Debt was used primarily for personal purposes.

17. Plaintiff is a "consumer" and a "debtor," as those terms are defined by 15 U.S.C. § 1692a(3) and Cal Civ. Code § 1788.2(h).

18. The Debt is a "consumer debt" and a "debt," as those terms is defined by 15 U.S.C. § 1692a(5) and Cal Civ. Code § 1788.2(d).

19. Defendant is a debt collection agency that specifically focuses on collecting consumers debts on regular basis on behalf of other entities.

20. Defendant reports on its website that its "clients hire [Defendant] to help with debt collections." (https://www.afnicollections.com/your-questions-answered).

21. On behalf of its creditor clients, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below.

22. In collecting debts, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts.

23. Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ Code § 1788.2(c).

## FACTUAL ALLEGATIONS

24. Sometime prior to June 16, 2020, Plaintiff allegedly incurred the Debt to Defendant.

25. These alleged obligations, in the amount of $1,755.29, were for costs associated with the purchase of a vehicle from Audi and were thus money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

///

- 4 -
COMPLAINT

26. Sometime thereafter, but before June 16, 2020, Plaintiff allegedly fell behind in the payments owed on the Debt. As a result, and in an attempt to collect on the Debt, Defendant started calling Plaintiff from the phone number (877) 504-9897.

27. On or around July 16, 2020, Plaintiff emailed Defendant, writing: "I request that you stop contacting me in every way possible. Please respect my privacy and leave me alone."

28. Nevertheless, Defendant continued communicating with Plaintiff, attempting to collect on the Debt.

29. On or around August 7, 2020, Plaintiff received a letter from Defendant requesting payment of the alleged Debt.

## 15 U.S.C. § 1692c(c)

30. Rosenthal incorporates its federal counterpart, Fair Debt Collection Practices Act ("FDCPA"), through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692c(a)(2), which states as follows:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

31. Defendant communicated with Plaintiff in attempts to collect on the Debt, despite Plaintiff's instruction to cease such communication.

32. Defendant's communications were "debt collection" as defined by Cal. Civ. Code 1788.2(b).

33. As discussed above, Plaintiff requested that Defendant "stop contacting [him] in every way possible." Nevertheless, Defendant blatantly and defiantly

disregarded Plaintiff's demand and Plaintiff's legal rights by calling and emailing Plaintiff after receiving the cease and desist letter.

34. The sole purpose of Defendant's call and email were to collect on the Debt and not to advise Plaintiff that Defendant was terminating further collection efforts. Further, Defendant's communications were not notifications that Defendant may invoke a specified remedy or that Defendant intended to invoke such a remedy. For the foregoing reasons, Defendant violated §1692(c).

35. Because Rosenthal incorporates the FDCPA, Defendant violated Cal. Civ. Code § 1788.17.

### Cal Civ. Code § 1788 et seq.

36. The Rosenthal Fair Debt Collections Practices Act incorporates the above FDCPA provision through Cal. Civ. Code § 1788.17. Thus, in violating 15 U.S.C. § 1692f, f(1), e, e(2)(A), e(5), e(10), Defendant violated Cal. Civ. Code § 1788.17.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

37. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute multiple violations of the FDCPA, including but not limited to the above-cited provision of the FDCPA, 15 U.S.C. §1692 et seq.

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

///

///

## SECOND CAUSE OF ACTION

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788–1788.32

40. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to the above-cited provisions of the FDCPA.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ Code § 1788.30(a); statutory damages in the amount up to $1,000 pursuant to Cal. Civ Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## FIRST CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

## SECOND CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);

- An award of statutory damages of $1,000 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court should deem just and proper.

## TRIAL BY JURY

43. Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 17, 2020

KAZEROUNI LAW GROUP, APC

By  s/ Yana A. Hart
YANA A. HART
yana@kazlg.com

Attorney for Plaintiff
LAWRENCE ETAH